```
               UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:13-00273-02

DEANDRE COLEMAN


### PROBATION REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On March 3, 2015, the United States of America appeared by John J. Frail, Assistant United States Attorney, and the defendant, Deandre Coleman, appeared in person and by his counsel, John R. McGhee, Jr., for a hearing on the petition on probation and amendment thereto submitted by United States Probation Officer Patrick M. Fidler.  The defendant commenced a five-year term of probation in this action on April 24, 2014, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on July 10, 2014.

The court heard the admissions of the defendant and the representations and argument of counsel.

Case 2:13-cr-00273   Document 86   Filed 03/10/15   Page 2 of 5 PageID #: 277

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of probation in the following respects: (1) the defendant used and possessed controlled substances inasmuch as the defendant was observed by law enforcement on June 27, 2014, in possession of marijuana which field-tested positive and weighed approximately 5 grams as evidenced by his admission on the record of the hearing that the government possesses sufficient proof to prove the offense by a preponderance of the evidence; on July 25, 2014, the defendant admitted to the probation officer that he had used a Lortab pain pill obtained from a prescription belonging to someone else; and a positive urine sample submitted by him on August 5, 2014, for marijuana; (2) the defendant committed the offenses of fleeing on foot and obstructing an officer inasmuch as on August 13, 2014, he was approached by law enforcement regarding the odor of marijuana at which time he began to run, as evidenced by the defendant's admission on the record of the hearing that the government possesses sufficient proof to prove the offenses by a preponderance of the evidence; (3) the defendant failed to abide by the special condition that he spend a period of eight months on home confinement and failed

2

to abide by the probation officer's instruction on May 29, 2014, that he have a telephone land line installed at his residence for the purpose of electronic monitoring in that as of August 5, 2014, he still had not had the phone line installed; (4) the defendant failed to abide by the special condition that he spend a period of six months at Dismas Charities inasmuch as he entered the facility on November 7, 2014, and was discharged on December 17, 2014, after receiving nine disciplinary reports, three written warnings and after being unaccountable for nearly two hours; and (5) the defendant committed the offenses of shoplifting, obstructing and resisting arrest in that he was observed by law enforcement on January 10, 2015, in a local grocery store placing an item in a bag and leaving without paying and, when approached by the officer, fled on foot at which time a foot chase ensued down several streets before the defendant was apprehended, as evidenced by the defendant's admission on the record of the hearing that the government possesses sufficient proof to prove the offenses by a preponderance of the evidence; all as admitted by the defendant on the record of the hearing or as otherwise noted above, and all as set forth in the petition on probation and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of probation and, further, that it would unduly depreciate the seriousness of the violations if probation were not revoked, it is ORDERED that the probation previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **FIVE (5) MONTHS**, to be followed by a term of three (3) years of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime.

The defendant was remanded to the custody of the United States Marshal.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

                                  DATED:  March 10, 2015

                                  _____
                                  John T. Copenhaver, Jr.
                                  United States District Judge